UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 1:15-mj-468-DKL-3 |
| | ) |
| FRED DAVIDSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING GOVERNMENT'S MOTION**
**FOR REVOCATION OF RELEASE ORDER**

This matter is before the Court on the Government's request that the Court conduct a *de novo* review of the Magistrate Judge's order permitting pretrial release of Defendant Fred Davidson ("Mr. Davidson"). Pursuant to 18 U.S.C. § 3145(a), the District Court Judge has considered the Magistrate Judge's Order of Release contained in the transcript of the proceedings held on July 29, 2015, the pretrial services report ("PS3") prepared by the United States Probation Office and the Government's Motion for Revocation of Release Order (Filing No. 49), as well as evidence, exhibits and argument submitted at the July 31, 2015 hearing. The Court finds the Government has not met its burden of proof that Mr. Davidson is a risk of flight or that there are no conditions or combination of conditions which would overcome the unacceptable risk that Mr. Davidson's release poses a danger to any person or the community. Accordingly, the Government's motion for revocation of the release order is **DENIED.**

**I.   FINDINGS OF FACT**

On July 14, 2015, a criminal complaint was issued that charged Mr. Davidson in two counts: (1) conspiring to distribute 100 grams or more of heroin in violation of Title 21, United States Code, Sections 841 and 846; and (2) conspiring to distribute 500 grams or more of cocaine

in violation of Title 21, United States Code, Sections 841 and 846.  Although Mr. Davidson was not at home when the arrest warrant was served, upon notice that a warrant had been issued under seal for his arrest he returned home and surrendered.  The Government moved for pretrial detention based upon both the risk that defendant would fail to appear at future court hearings, as well as on the basis of danger to the community pursuant to 18 U.S.C. § 3142(e), (f)(1)(A) and (f)(1)(E).  The parties agree that under the Bail Reform Act there is a presumption for detention as the offenses charged are under the Controlled Substances Act for which the maximum penalty is ten years or more.  A detention hearing was held on July 29, 2015 during which the Magistrate Judge found the Government had not shown by clear and convincing evidence that there was no combination of conditions that could reasonably assure the safety of others or the community or by a preponderance of evidence that Mr. Davidson was a risk of flight and Mr. Davidson was ordered released under certain conditions.  The Government moved for a stay of the Magistrate Judge's order pending review by the District Court.

At the hearing before this Court, the Government presented evidence that Mr. Davidson has prior arrests wherein he was alleged to have been in possession of firearms, that Mr. Davidson traveled to California to engage in drug trafficking and he has a leadership role in the instant offense.

Through proffer, the evidence before the Court is that Mr. Davidson has a passport, which he will surrender if it has not already been seized by the Government during the July 22, 2015 search of the residence.  Mr. Davidson is a lifelong resident of Marion County, and resides in a home in Wanamaker, Indiana with his wife and three children; however, in his PS3 he also lists an Indianapolis address with his grandmother.  Mr. Davidson had some employment with a temporary service in 2014 but now receives $523.00 monthly disability relating to his kidney disease; he had

a kidney transplant in January 2013, and requires regular meetings and monitoring with his doctor due to his kidney condition including medical labs taken approximately every six weeks. Mr. Davidson became dehydrated earlier this summer which caused an episode with his kidney. Although Mr. Davidson has prior arrests wherein he allegedly possessed a firearm, he proffered that he possessed a valid permit to carry a firearm and he was never convicted of illegal handgun possession.

## II.  CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

    (2) the weight of the evidence against the accused;

    (3)  the history and characteristics of the person, including;

>  (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>  (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is Mr. Davidson's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, medical history, and record concerning appearances at court proceedings. 18 U.S.C. § 3142(g)(3)(A). However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

The weight of evidence against Mr. Davidson is strong and favors detention. Specifically, the evidence shows that although Mr. Davidson himself was not a member of the Block Burners gang, he routinely dealt drugs to members of the gang who are charged co-conspirators. 18 U.S.C. § 3142 (g)(2).

However, the Court finds that Mr. Davidson has adequately rebutted the presumption that he is a risk of flight. Mr. Davidson has sufficient ties to the community and has resided in this community all of his life. Because of his medical condition, it would be difficult for Mr. Davidson to flee as he is a kidney transplant recipient and would have to seek medical treatment on a regular

basis. Further, Mr. Davidson surrendered upon notice that a warrant was issued for his arrest and he is willing to surrender his passport.

Likewise, the Government has not shown by clear and convincing evidence that no conditions exist which could be imposed to ensure that Mr. Davidson is not a danger to the community and a danger to the safety of any other person in the community. Mr. Davidson's prior arrests occurred over ten years ago and did not result in conviction. His singular prior conviction was for disorderly conduct and he successfully completed that probation. While the weight of evidence against Mr. Davidson in this matter is strong, there are strict conditions including home incarceration at the Indianapolis address, electronic monitoring, firearms removal and restrictions on personal association, residence and travel which will ensure that he is not a danger to the community.

### III.  ORDER

For the reasons stated above, the District Court's *de novo* determination is that the Government has failed to meet its burden of proof and the Government's Motion for Revocation of the Release Order (Filing No. 49) is **DENIED**.

**SO ORDERED.**

Date: 8/3/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard Ford
rlfatty@gmail.com

Michelle P. Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

United States Probation Office
Pretrial Services

United States Marshal Service